# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Ty M. Maynarich, | Case No.: 2:25-cv-01840-JAD-BNW |
| Plaintiff | |
| v. | **Order Remanding Case and Denying All Pending Motions as Moot** |
| GEICO Indemnity Company, | |
| Defendant | ECF Nos. 16, 17 |

Ty M. Maynarich filed this insurance-coverage lawsuit in Nevada state court against his vehicle insurer GEICO Indemnity Company and the GEICO employees handling his claim for his stolen motorcycle, asserting claims for breach of contract, bad faith, negligence, and fraud in the claim-handling process that resulted in GEICO tendering Maynarich a $5,000 check. GEICO removed the case to federal court based on diversity jurisdiction, but it does not appear from the face of the complaint or the petition for removal that this case meets the $75,000 amount-in-controversy threshold. So I ordered the parties to show cause why this case should not be remanded for lack of subject-matter jurisdiction.[1] The GEICO defendants responded,[2] but Maynarich did not, and his deadline for response has passed. Having reviewed GEICO's response, I find that this case does not meet the amount-in-controversy threshold so I remand it back to state court for lack of subject-matter jurisdiction.

---

[1] ECF No. 12.

[2] ECF No. 14.

1   "Federal courts are courts of limited jurisdiction,"[3] and there is a strong presumption

2   against removal jurisdiction.[4]  The defendant always has the burden of establishing that removal

3   is proper.[5]  If the value of plaintiff's claim is unclear, the defendant must prove by a

4   preponderance of the evidence that the jurisdictional amount has been met.[6]  Defendants may

5   rely on facts presented in the removal petition and any summary-judgment-type evidence that is

6   related to the amount in controversy.[7]  Of course, the defendant does not have to predict the trier

7   of fact's eventual award with certainty.[8]  But neither do conclusory allegations overcome the

8   presumption against removal jurisdiction or satisfy the defendant's burden of proving the amount

9   in controversy.[9]

10   Here, the defendants have not satisfied their burden as they offer nothing but speculation

11   about the value of this case.  They highlight the plaintiff's bald prayers for damages in excess of

12   $25,000 for each claim, which is merely the magic language necessary to get a case into

13   Nevada's district court; that language discloses nothing about the facts that might support such a

14   valuation.  Although plaintiff also asserts a fraud claim against the GEICO-employee defendants

15   and prays for punitive damages, the facts he alleges don't appear to support them.  The GEICO

16   defendants also point out that emotional-distress damages in bad-faith claims can exceed

17   $75,000 in some cases, but there's nothing about the facts of this case that would suggest that

18

19   _____

   [3] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

20   [4] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

21   [5] *Id.*

   [6] *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 395, 404 (9th Cir. 1996).

22   [7] *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

23   [8] *Id.*

   [9] *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations omitted).

2

1    such an award should be expected.  And the GEICO defendants themselves, in adjusting this

2    claim, valued it at just $5,000.[10]

3        IT IS THEREFORE ORDERED that the parties have failed to show cause why this case

4    should not be remanded based on lack of subject-matter jurisdiction.  The Clerk of Court is

5    directed to **REMAND this case back to the Eighth Judicial District Court, Department 21,**

6    **Case No. A-25-921295-C along with a copy of the public docket sheet,** and **CLOSE THIS**

7    **CASE.**

8        IT IS FURTHER ORDERED that **the pending motion for partial summary judgment**

9    **[ECF No. 16] and Joint Stipulated Discovery Plan and Scheduling Order [ECF No. 17] are**

10   **DENIED as moot** and without prejudice to their refiling in state court.  So this case returns to

11   state court with no motions pending.

12       Dated: November 18, 2025

13       _____

14       U.S. District Judge Jennifer A. Dorsey

15

16

17

18

19

20

21

22

23

---

[10] ECF No. 16-2.

3